IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| AMY FULLER, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | NO.  EP-22-CV-133-FM-MAT |
| | § | |
| KILOLO KIJAKAZI, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION | § | |
|     *Defendant*. | § | |

## ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Amy Fuller ("Plaintiff") has submitted a complaint for filing, together with a request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 (ECF No. 1). "While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 648 (E.D. Tex. Dec. 15, 1998) (internal citations omitted). A court may consider a spouse's income when assessing *in forma pauperis*. *Bruton v. Colvin*, No. 4:14-CV-083-A, 2014 WL 840993, at *1 (N.D. Tex. Mar. 4, 2014) (internal citations omitted). VA disability benefits are also considered. *Tate v. Cedar Point Homeowners Ass'n, Inc.*, No. CIVA SA-06-CA-0696FB, 2006 WL 2469167, at *1 (W.D. Tex. Aug. 23, 2006).

In her application, Plaintiff reports that she receives $3,033.41 per month in VA disability, and that her spouse receives $2,043.50 per month from employment. (ECF No. 1, p. 2, 3). Combined, these two income streams provide Plaintiff over $60,000 per year.[1] This amount

---

[1] The Court notes that under section 3 of the application, Plaintiff wrote that her spouse was employed by the U.S. Army. (ECF No. 1, p. 3). Under "Dates of Employment" she wrote "Sept 19." *Id.* The Court is unable to tell whether Plaintiff's spouse began or ended employment in September 2019. The next section asking for "Gross Monthly Pay"

1

significantly exceeds the federal poverty guideline amount of $18,310 for two people. Poverty Guidelines, *HHS Poverty Guidelines for 2022*, Poverty Guidelines | ASPE (hhs.gov) (last updated Jan. 12, 2022); *see Jones v. Colvin*, No. 4:14-CV-585-Y, 2014 WL 4273635, at *1 (N.D. Tex. Aug. 28, 2014). Further, Plaintiff reports substantial assets in various financial accounts.[2] (ECF No. 1, p. 3). Thus, the information in this application shows that Plaintiff has sufficient resources available to pay the fees required for filing this action. *See Nesby v. All Com. Floors*, No. 4:22-CV-167-P (BJ), 2022 WL 1037453, at *1 (N.D. Tex. Mar. 8, 2022).

Accordingly, the Court finds the following order should be entered:

**IT IS ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.

**IT IS FURTHER ORDERED** that on or before thirty (30) days from the date of this Order, Plaintiff shall pay the required filing fee in this matter.

In the event Plaintiff wishes to appeal, she must file an appeal to the District Court from this Order within ten (10) days of the Order.

Plaintiff is hereby advised that if she fails to pay the filing fee or file an appeal within the time frames outlined above, this matter is subject to being dismissed without prejudice without further notice.

**SIGNED** and **ENTERED** this 28th day of April, 2022.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

---

reflects $7,764.30 per month. *Id.* Despite this apparently conflicting information, either case supports the Court's conclusion.

[2] Plaintiff reports $80,900 for herself and her spouse in a Roth IRA, $186,500 for her spouse in a joint wealth account, $235,300 for her spouse in a U.S. Army TSP, and $2,000 in checking for herself and $2,500 in checking for her spouse. (ECF No. 1, p. 3).